IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:15cr301 (JCC) |
| | ) | |
| JEN SEKO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Sammy Araya's ("Defendant" or "Araya") First Motion *in Limine* on any 404(b) Allegations.[1] [Dkt. 495.] Defendant's Second Motion *in Limine* on Untimely Rule 16 and Exhibits is also before the Court.[2] [Dkt. 504.] For the following reasons, the Court will deny Defendant's motion *in limine* to exclude evidence involving his other business ventures, with one exception. The Court will grant Defendant's request to exclude any videos showing him throwing money into the air. The Court will also deny Defendant's motion *in limine* to exclude his tax returns. Finally, the Court will deny Defendant's motion *in limine* to exclude untimely Rule 16 materials and exhibits.

---

[1] Defendant also includes in his motion *in limine* a possible future request to exclude any evidence about "Money Street Business," which the Government has warned it may use, if necessary, for rebuttal or impeachment purposes. Def. Mot. at 3. Because this motion is not yet ripe for this Court's ruling, it is denied.

[2] Defendant Jen Seko's Motion to Adopt Araya's Motion *in Limine* on Untimely Rule 16 and Exhibits [Dkt. 511] is also before the Court and will be addressed in this Memorandum Opinion and accompanying Order.

## I. Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41. Such evidentiary rulings "are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). "[The Court of Appeals] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *Id*. (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

As a general matter, all relevant evidence is admissible unless there are constitutional, statutory, or rule-based exceptions preventing its admission. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. What

constitutes "relevant evidence" depends on the facts of the case, the nature of the claims, and the associated defenses to those claims.

One example of a rule-based exclusion to the admission of relevant evidence is Rule 403 of the Federal Rules of Evidence. This Rule states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition, the Rules also contemplate the exclusion of evidence of "'other crimes, wrongs, or acts' solely to prove a defendant's character." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Rule 404(b)). At the same time, however, Rule 404(b) recognizes that this same evidence "may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id.* In order for proffered evidence to be admissible, the evidence: (1) "must be . . . relevant to an issue other than character," such as motive, intent, or knowledge, *United States v. Siegel*, 536 F.3d 306, 317-18 (4th Cir. 2008) (internal quotation marks omitted); (2) "must be necessary to prove an element of the crime charged,"

*United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997), or to prove context, *see id.* at 998; and (3) "must be reliable," *id.* at 995. Finally, the evidence must not otherwise be subject to exclusion under Rule 403. *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010).

**II. Analysis**

A. <u>Araya's Motion *in Limine* to Exclude Evidence of his Other Business Ventures under Rule 404(b)</u>

Defendant argues that the Government plans to introduce inadmissible evidence regarding his other business ventures under the exceptions to Rule 404(b)'s prohibition on character evidence. Def. Mot. [Dkt. 495] at 2. He objects to the introduction of this evidence as both irrelevant and unfairly prejudicial. *Id.* Defendant also asserts that the Government's notice of its intent to introduce this evidence was insufficiently detailed. *Id.* at 1. As a result, Defendant claims that he is unable to prepare a defense. *Id.*

The Government argues that Defendant's prior business ventures "are admissible as intrinsic to the charged fraud offenses, or at a minimum admissible under Rule 404(b)" to prove the Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[3] Gov. Mem. in Opp. [Dkt. 514] at 1. It seeks to introduce

---
[3] The Government does not further address the reasons it believes this evidence would be specifically admissible under Rule 404(b).

evidence about Defendant's use of other companies—including MakeItRain.TV and Currency Productions—to allegedly launder profits derived from the victim homeowners' payments. *Id.* at 2. The Government asserts that such evidence is admissible, even without regard to Rule 404(b), because the companies were in operation during the charged fraud scheme, many of the alleged co-conspirators worked for these two companies, and Defendant used these companies' names on documents created in furtherance of the conspiracy. *Id.* at 2-3. The Government also claims that such evidence, including the videos showing Defendant throwing money onto a boardwalk, is not unfairly prejudicial under Rule 403 because it is proof of what Defendant "was doing with the ill-gotten gains" and depicts interactions between Defendant and his co-conspirators. *Id.* at 3.

Here, the Court finds that the evidence regarding Defendant's other business ventures—specifically, MakeItRain.TV and Currency Productions—is admissible. Such evidence is relevant under Rule 401. Moreover, given the connections the Government intends to prove at trial between these two companies and the charged fraud scheme, such evidence is intrinsic to the crimes charged. *See United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996) (finding that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible

5

evidence"). The Court therefore denies Defendant's motion to exclude this evidence.[4]

Despite the Court admitting this evidence, it nevertheless grants Defendant's motion *in limine* insofar as it relates to the MakeItRain.TV videos on YouTube. The Court finds that these videos, depicting Defendant literally throwing money into the air to "make it rain" along with some of his co-conspirators, create unfair prejudice under Rule 403. This prejudice arises from the videos' ability to inflame the passions of the jury, who may rightly or wrongly conclude that the money being thrown around by Defendant originated from the victim homeowners. As a result, the MakeItRain.TV videos are inadmissible.

B.  Araya's Motion *in Limine* to Exclude his Tax Returns

Defendant also argues that the Government should be prevented from putting on any evidence concerning his tax returns, including any allegations that he underestimated his income. Def. Mot. [Dkt. 495] at 3. In support of this motion, Defendant asserts that such evidence is not relevant and could result in a trial within a trial. *Id.*

The Government asserts that federal income tax returns are "often quite relevant" in fraud prosecutions because they tend to establish concealment of fraudulent conduct and fraud

---
[4] The Court will refrain from ruling on the possible admissibility of Araya's other business ventures until the Government seeks to introduce them.

proceeds. Gov. Mem. in Opp. [Dkt. 514] at 5. Defendant Araya's tax returns in particular are relevant because he failed to list the mortgage modification business he was allegedly running, he did not file Schedule C Profit/Loss Statements covering many of his "purportedly 'legitimate' businesses" that were allegedly being used in connection with the fraud scam, and the gross receipts he reported on his returns "materially underreport[ed]" the receipts he allegedly derived from the fraud scheme. *Id.* at 5-6. For those reasons, the Government argues that Defendant Araya's tax returns are relevant, reliable, admissible under Rule 404(b), and not unfairly prejudicial under Rule 403. *Id.* at 6.

Here, the Court agrees with the Government. Defendant's tax returns are relevant evidence under Rule 401. Because the returns are being offered to prove Defendant's state of mind, and not his propensity to commit criminal acts, the evidence is also admissible under Rule 404(b). *See Queen*, 132 F.3d at 995, 998. Finally, Araya's tax returns under Rule 403, while prejudicial, are not unfairly so. *See United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) ("The mere fact that the evidence will damage the defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence.") (citation omitted) (emphasis in original).

Accordingly, the Court denies Defendant's motion to exclude them. To ensure that the jury makes proper use of this evidence, however, the Court will provide a limiting instruction.

C. <u>Araya's Motion *in Limine* to Exclude Untimely Rule 16 and Exhibits</u>

Defendant's final argument is that the Government has continued to add to its Rule 16 materials after the March 27 deadline, including a 278-page production on March 31 and a 50-page production on April 4, in violation of this Court's Discovery Order.[5] Def. Mot. [Dkt. 504], ¶¶ 2-3. Defendant also asserts that the Government submitted a new exhibit list after the March 27 deadline. *Id.*, ¶ 6. Because Defendant believes the Rule 16 materials and changes to the Government's exhibit list are untimely, he asks the Court to exclude these documents.

The Government argues that the vast majority of its Rule 16 materials were delivered in advance of the deadline and that, for those materials that were produced after the deadline, the Government can establish good cause for the delay. Gov. Mem. in Opp. [Dkt. 517], ¶¶ 1-2, 5, 8. For example, the Government identifies productions it has made to defense counsel on April 4, 5, and 6. *Id.*, ¶ 7. These materials included supplemental bank records (50 pages), "missing page" bank

---

[5] In joining Araya's motion, Defendant Seko adds that the Government also sent a "Supplemental Discovery Production" on April 5 of approximately 60 pages. Seko Mot. to Adopt [Dkt. 511], ¶ 3.

records (5 pages), and tax records (60 pages).  *Id.; see also* Seko Mot. to Adopt [Dkt. 511], ¶ 3.  The Government asserts that it is "quite common for testifying witnesses . . . to identify additional, supplemental records when meeting with the United States for trial preparation" and for "a handful of supplemental records from financial institutions" to be identified in the weeks before trial, generally due to missing pages or inadvertent omissions.  Gov. Mem. in Opp., ¶ 6.  The Government asserts that it has met its Rule 16 Discovery obligations in this case and that, for any materials delivered after the Rule 16 deadline, good cause exists for the Government to supplement its prior production to counsel for the Defendants.  *Id.*, ¶ 8.

Additionally, the Government claims that the only exhibit list it filed in this case was also timely, pursuant to the Court's Discovery Order.  Gov. Mem. in Opp., ¶ 9.  In support of this assertion, the Government points out that the parties agreed to exchange draft exhibit lists 14 days prior to trial.  *Id.*, ¶ 9.  The Government emailed its draft exhibit list to all defense counsel on March 27 and then waited to file its finalized exhibit list with the Court by the Rule 16 deadline of April 3.  *Id.*  It argues that any changes made to that exhibit list in the ensuing week do not amount to a Rule 16 violation, nor have such changes caused the defendants any prejudice.  *Id.*, ¶ 10.  Moreover, the Government asserts that any exclusion of

exhibits that were added or altered after the parties exchanged draft exhibit lists on March 27 by this Court would be "far too drastic a remedy." *Id.*

In the instant case, the Court agrees with the Government. This Court's Discovery Order states that, unless for good cause shown, the Government's Rule 16 materials are due to defense counsel no later than seven days before trial. [Dkts. 88, 341, 344, ¶ 1.] Given that trial is scheduled to commence on April 10, 2017, the Government's deadline to produce Rule 16 materials was April 3. Consequently, the Rule 16 materials cited by Araya as having been produced to defense counsel on March 31 are presumptively timely. Any subsequent production after April 3 would be considered untimely, unless the Government can demonstrate good cause for the delay. Here, it has done so. The three untimely productions from April 4, 5, and 6—totaling approximately 115 pages—were meant to correct or supplement bank records already in the possession of Defendants, as well as to provide them with copies of tax records with which Defendants should have already been intimately familiar. The Court therefore denies Defendant's motion *in limine* to exclude the April 4, 5, and 6 productions.

Additionally, this Court's Order—issued December 20, 2016—made clear that, assuming defense counsel agreed, the parties were to exchange draft exhibit lists fourteen days

before trial: March 27, 2017. [Dkt. 415.] The parties have done so. The Court's Discovery Order also established a deadline for final exhibit lists to be filed with the Court: April 3, 2017. [Dkt. 88.] All parties, including the Government, have complied with this deadline. Thus, the Court denies Defendant Araya's and Seko's requests to exclude any changes made to the Government's final exhibit list as of April 3, 2017.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion *in limine* to exclude evidence involving his other business ventures, with one exception. The Court will grant Defendant's request to exclude any videos showing him throwing money into the air. The Court will also deny Defendant's motion *in limine* to exclude his tax returns. Finally, the Court will deny Defendant's motion *in limine* to exclude untimely Rule 16 materials and exhibits.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 10, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |