```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


UNITED STATES OF AMERICA,      )
                               )
         v.                    )    1:15cr301 (JCC)
                               )
SAMMY ARAYA,                   )
                               )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Sammy Araya's ("Defendant" or "Araya") Combined Motion for New Trial Pursuant to Rule 33 and Motion for Acquittal Pursuant to Rule 29. [Dkt. 567.] For the following reasons, the Court will deny both of Defendant's motions.

**I. Standard of Review**

A.  <u>Motion for Judgment of Acquittal</u>

Federal Rule of Criminal Procedure 29(c) provides, in relevant part, "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Where such a motion is based on "insufficiency of the evidence, the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Romer,* 148 F.3d 359, 364 (4th Cir. 1998).

When ruling on a Rule 29(c) motion, "the trial court should only consider the sufficiency of the evidence presented in that trial, not what evidence is likely to be admitted or excluded in a future trial." *United States v. Mackins,* 32 F.3d 134, 138-39 (4th Cir. 1994). The Government must be allowed "the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). "Furthermore, neither the district court nor the appellate court should consider a witnesses' credibility, but must assume that the jury resolved all contradictions in favor of the Government." *Romer,* 148 F.3d at 364.

B.  Motion for New Trial

Federal Rule of Criminal Procedure 33 provides, in relevant part, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The Fourth Circuit instructs that "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *United States v. Smith,* 451 F.3d 209, 216-17 (4th Cir. 2006) (citations omitted). Although while addressing a Rule 33 motion a district court "is not constrained by the requirement that it view the evidence in the light most favorable to the government," such a motion should

only be granted when "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington,* 757 F.2d 1484, 1485 (4th Cir. 1985).

## II. Analysis

A. <u>Motion for Judgment of Acquittal</u>

Defendant Araya's omnibus motion, which consists of just six sentences, adopts Defendant Seko's motion for judgment of acquittal in its entirety. [Dkt. 567.] Seko's motion focuses almost exclusively on the sufficiency of the evidence used to convict her. [Dkt. 566 at 3-17.] As a result, the motion has little or nothing to say about the sufficiency of the evidence used to convict Araya. While the Court recognizes that Araya's motion fails to meet the "heavy burden" required under Rule 29(c) to set aside a unanimous jury verdict, *see United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007), it nevertheless proceeds to analyze the testimony and documentary evidence underlying his convictions.

In the instant case, there was ample evidence to convict Defendant Araya of conspiracy and mail and wire fraud. For example, Joshua Johnson, Sabrina Rafo, and Nicholas Estilow all testified that Araya was the leader of the scheme, that he took a cut of all the proceeds, and that he knew about the scheme's fraudulent nature. Testimony also revealed that Defendant Araya was the primary point of contact for Defendant Seko, including

3

delivering payment for her services, and that he was responsible for selecting which victims to target, and in which states.  *See, e.g.,* Gov't Exhs. 33-9, 33-11, 33-13, 33-15, 33-16, 33-28, 33-29, 33-75, 33-93 through 33-96, 33-101, 33-108, 33-111; *see also* Gov't Exhs. 33-117 through 33-121 (including 33-117A through 33-121A). Furthermore, evidence demonstrated that Araya received customer complaints that referenced his alias, "Arnold Coleman," at a visual voicemail account that also received calls from Seko about mailing campaigns and from others about expensive purchases he had made.  *See* Gov't Exhs. 19-1 through 19-43.  In addition, financial analyst Rebecca Lee testified that several victims' funds were deposited into bank accounts out of which personal and other expenses were paid on Araya's behalf.  *See, e.g.,* Gov't Exhs. 416-1, 416-2, 137-15, 137-16, 306-1, 306-2, 17-2, 308-1, 417-1, 417-2, 138-23, 307-1, 418-1, 418-2, 140-1 through 140-5.  Given the substantial weight of this evidence, and Rule 29(c)'s requirement to view that evidence in the light most favorable to the Government, the Court holds that a reasonable trier of fact could have found Defendant Araya guilty beyond a reasonable doubt. Accordingly, the Court denies Defendant's motion for a judgment of acquittal.

B.  <u>Motion for New Trial</u>

Defendant Araya's omnibus motion also adopts Defendant Seko's motion for a new trial.  [Dkt. 567.]  Like her motion for a

judgment of acquittal, however, Seko's motion for a new trial focuses almost exclusively on the evidence against her, namely the Postal Inspectors' warning to her about continuing to do business with Araya in April 2013. [Dkt. 565 at 2-18; Dkt. 566 at 2-3.] It is hard to tell what objection Araya has to this particular evidence. If Araya objects to it as inadmissible hearsay, the Court has already overruled that objection several times. Nothing in Araya's six-sentence motion persuades the Court that this ruling was made in error. Furthermore, the Court properly limited Inspector Gonzalez's testimony for the jury, instructing them that it was to be used only against Defendant Seko to help establish her state of mind, and not against any other defendant or for the truth of the matters asserted. Jury Instructions at 57 (Instruction 40: Evidence Admitted for a Limited Purpose Only). Moreover, the jury was given at least three reminders about considering the evidence against each defendant separately. *See* Jury Instructions at 12 (Instruction 9: Give Each Defendant Separate Consideration), 54 (Instruction 38: Statement of One Defendant in a Multi-Defendant Trial, and 75 (Instruction 52: Verdict – Multiple Defendants – Multiple Counts). Accordingly, the Court finds no legitimate basis for disturbing the jury's verdict based upon Inspector Gonzalez's testimony.

In addition, Defendant Seko raises—and Defendant Araya adopts—four additional grounds for a new trial: (1) the indictment

that was shown to the jury included the grand jury foreperson's signature; (2) the Court refused to instruct the jury that the phrase, "We have been trying to reach you without success," was immaterial; (3) the Government should not have been permitted to introduce evidence about Araya's tax returns; and (4) the Court improperly admitted Government exhibits from the 34-series, which included documents seized at Defendant Seko's business in June 2014. It is difficult to discern how some of this evidence relates to Araya's convictions, especially given that his six-sentence motion provides no additional details. Consequently, and for the same reasons set forth in the Court's Memorandum Opinion accompanying Seko's motion, the Court finds no legitimate basis for granting Defendant Araya a new trial on these four grounds. Accordingly, the Court denies Defendant's motion for a new trial in its entirety.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion for a judgment of acquittal. The Court will also deny Araya's motion for a new trial.

An appropriate Order will issue.

```
                                          /s/
May 30, 2017                      James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE
```